# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GREGORY GLADDEN,

        Plaintiff,                        CASE NO. 08-10164

-vs-                                      PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

FREEMONT INVESTMENT AND LOAN,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Freemont Investment and Loan's ("Defendant") February 28, 2008, Motion to Dismiss pursuant to Fed. R. Civ. P. 8(a), 10(b) and 12(b)(6).[1] (Dkt. No. 10). Plaintiff filed a document which the Court construes as a Response to the Motion on March 2, 2008. Also before the Court is Plaintiff's April 11, 2008 Motion for Temporary Restraining Order. (Dkt. No. 6). On April 29, 2008, Defendant filed a response. After review the Court discerns no reason for oral argument. *See* E.D. Mich. L.R. 7.1(e)(2).

## I. BACKGROUND

Plaintiff, acting in *pro se*, filed a Complaint against Defendant on January 11, 2008 alleging that Defendant committed fraud and gross misrepresentation. (Compl. at 1). Plaintiff's complaint, however, is mainly comprised of a document entitled "The Barbary Treaties." (*Id*. at 2-7).

On May 2, 2008, Plaintiff filed a document entitled both "Amended Complaint" and also "Response to Defendant's Motion to Dismiss". (Dkt. No. 9). The Court construes this filing as a

---

[1]     Defendant filed a Corrected Motion to Dismiss on June 3, 2008. (Dkt. No. 10).

Response to the Motion to Dismiss as the document contains an "argument" section, is prominently titled "Response", and Plaintiff did not request leave to amend his Complaint.

## II. ANALYSIS

### A. Legal Standards

The Sixth Circuit has recently summarized the post-*Twombly* legal standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6):

> The reviewing court must construe the complaint in a light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Yet, to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.

*Eidson v. State of Tennessee Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (internal citations omitted).

### B. Rule 12(b)(6)

Defendant argues that Plaintiff's Complaint should be dismissed for the reason that it fails to state a claim upon which relief can be granted.

Plaintiff's Complaint consists of two unnumbered paragraphs and a document entitled "The Barbary Treaties." In the first paragraph of the Complaint, Plaintiff states that Defendant committed "fraud and gross misrepresentation" which resulted in a "fraud upon the court". (Compl. at 1). The second and final paragraph of the Complaint is merely a list of treaties and land acts, including the "Sundry Moors Act of 1790" and "Creek Nation Petition #208/1999". (*Id.*).

Defendant argues in its Motion to Dismiss that Plaintiff has failed to articulate any claim upon which relief can be granted for the obvious reason that Plaintiff's Complaint lacks any cognizable claim.

Plaintiff contends in his response that Defendant foreclosed upon his property located at 2355 Highbury Dr., Troy, Michigan 48085. Plaintiff states: Defendant

> did not loan money. The bank merely switched the currency. The plaintiff created money or currency by simply signing the mortgage note. The defendant did not sign the mortgage note because they know they did no loan plaintiff their money. The mortgage note acts like money. To make it look like money, the bank deposited the mortgage note (lien on property) as money from which to issue a check. No money was loaned to legally fulfill the contract for the bank to own the property. By doing this, the bank received the lien on the property without risking or using one cent.

(Plf. Resp. at 4). Plaintiff goes on to conclude that because the bank owns the mortgage note and did not loan anything to Plaintiff a "fraudulent conversion" occurred.

After review, the Court finds that Plaintiff's Complaint fails to set forth any claim upon which relief can be granted. As much as the Court can surmise, Plaintiff believes that Defendant committed a fraud upon him by foreclosing on his property. However, Plaintiff has failed to articulate any recognizable claim of fraud through Defendant's actions. As the Sixth Circuit has recognized "[f]actual allegations contained in a complaint must 'raise a right to relief above the speculative level.' *Twombly* does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. The Nat'l Collegiate Athletic Ass'n*, No. 06-5795, 2008 WL 2329755, *2 (6th Cir. June 9, 2008) (internal citations omitted). In the instant case, Plaintiff has failed to set forth <u>any</u> factual allegations in his Complaint, nor has he set forth adequate facts to state a claim of fraud or conversion which is plausible on its face. For

3

these reasons, the Court dismisses Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6).

As the Court has found that Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court declines to address Defendant's alternative and more technical arguments for dismissal pursuant to Rule 8(a) or 10(b). Further, Plaintiff's Motion for Temporary Restraining Order will be dismissed as moot in light of this finding.

For these reasons, the Court:

(1) **GRANTS** Defendant Fremont Investment and Loan's Motion to Dismiss (Dkt. No. 10);

(2) **DISMISSES AS MOOT** Plaintiff Gregory Gladden's Motion for Temporary Restraining Order (Dkt. No. ); and

(3) **DISMISSES** Plaintiff's Complaint (Dkt. No. 1).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2008

4

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 30, 2008.

                                        s/Denise Goodine
                                        Case Manager